UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

EDDIE HUDSON III,                              CIVIL NO. 18-473 (JRT/DTS)

    Plaintiff,

v.                                             REPORT AND RECOMMENDATION

TRILLIUM STAFFING,
CORVEL CORPORATION,
KRISTEN GYOLAI, *Fields Law Firm,*
JAMES K. HELLING, *Brown & Carlson*,
BRADLEY BEHR, *State of Minnesota,* and
CHRISTOPHER RAYMOND, *State of Minnesota*

    Defendants.

---

Eddie Hudson III, 1817 Pearson Parkway, P.O. Box 43192, Brooklyn Park, Minnesota, 55444, *Pro Se* Plaintiff

---

## INTRODUCTION

This matter is before the Court for review of Plaintiff Eddie Hudson's *pro se* Complaint and Application for leave to proceed *in forma pauperis* ("IFP"), and Request for Appointment of Lawyer (Docket Nos. 1, 7 and 8). For the reasons discussed below, it is recommended that the IFP application and Request for Appointment of Lawyer be denied, and that this action be summarily dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

## FINDINGS OF FACT

Hudson alleges that he was injured in a work-related accident in 2014. Compl. 6, Docket No. 1. He filed a workers compensation claim against his employer defendant Trillium Staffing ("Trillium") pursuant to the procedures for filing workers compensation

claims in Minnesota. *Hudson v. Trillium*, 896 N.W.2d 536, 538 (Minn. Sup. Ct. 2017). He sought compensation for low-back, neck and concussion injuries arising out of his work accident. *Id.* Hudson had originally been represented by counsel, but at some point, Hudson and his lawyer parted ways and Hudson sought the help of Georgia Martin -- the author of the current Complaint who is not a lawyer -- to assist him. Compl. 13, Docket No. 1. Eventually, "[v]oluntary mediation led to a stipulated settlement, under which Trillium agreed to pay Hudson a lump sum of $125,000 in exchange for settlement of all of Hudson's claims". *Hudson*, 896 N.W.2d at 539. A workers compensation judge "reviewed the stipulation, found it 'to be in substantial accord with the terms and provisions of the Minnesota Workers' Compensation Law,' and approved it." *Id.* (citing Minn. Stat. § 176.521 subd. 1(a) (2016), which requires approval of proposed settlements "where one or more of the parties is not represented by an attorney").

Following the settlement, Hudson began seeing a psychiatrist who was the first medical professional to conclude that he was unable to work due to his work-related injuries. *Hudson,* 896 N.W.2d at 539; Compl. 17, Docket No. 1 (prior to mediation, "[a]ll of Eddie's doctors said he could do some sort of work, even with his disabilities"). Based on this new medical opinion, Hudson filed a petition to vacate the award before the state Workers Compensation Court of Appeals ("WCCA") on the grounds that his medical condition had changed. *Hudson,* 896 N.W. 2d at 539 (citing Minn. Stat. § 176.461 (2016)). "The WCCA found . . . that Hudson's medical condition had substantially changed and accordingly vacated the award" but the Supreme Court of Minnesota reversed. *Hudson,* 896 N.W.2d at 539.

Hudson has now filed a Complaint with this Court in which he alleges that (1) he has been denied what he describes as his "right to be appointed legal representation" under the Americans with Disabilities Act; (2) the defendants have violated three statutes -- 18 U.S.C. § 1347, 42 U.S.C. § 408, 33 U.S.C. § 931 -- for what he calls "a scam to deceive the federal government and cost shift [his] high medical bills" to Medicaid and Medicare and (3) his civil rights have been violated pursuant to 42 U.S.C. § 1983.  Compl. 4, Docket No. 1.  Hudson names as defendants Trillium; Trillium's insurer, Corvel Corporation; his original lawyer, Kristen Gyolai; the employer's lawyer, James K. Helling; the judge who approved the settlement, Bradley Behr; and the mediator during settlement negotiations from the Department of Labor & Industry, Christopher Raymond.  Compl. 17, Docket No. 1.

## CONCLUSIONS OF LAW

An IFP applicant's complaint will be dismissed if the complaint fails to state a cause of action on which relief may be granted.  *See* 28 U.S.C. § 1915(e)(2)(B)(ii); *Atkinson v. Bohn*, 91 F.3d 1127, 1128 (8th Cir. 1996) (per curiam).  In reviewing whether a complaint states a claim on which relief may be granted, this Court must accept as true all of the factual allegations in the complaint and draw all reasonable inferences in the plaintiff's favor.  *Aten v. Scottsdale Ins. Co.*, 511 F.3d 818, 820 (8th Cir. 2008).  To state an actionable claim for relief, a plaintiff must allege a set of specific historical facts, which, if proven true, would entitle the plaintiff to some redress against the named defendants under some cognizable legal theory.  *See Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980).  Although the factual allegations in the complaint need not be detailed, they must be sufficient to "raise a right to relief above

the speculative level . . . ." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The complaint must "state a claim to relief that is plausible on its face." *Id.* at 570. In assessing the sufficiency of the complaint, the court may disregard legal conclusions that are couched as factual allegations. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). *Pro se* complaints are to be construed liberally, but they still must allege sufficient facts to support the claims advanced. *See Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004). The determination of whether the complaint states a plausible claim for relief is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679.

Hudson raises five federal law claims for relief but the Complaint is inadequate with regard to all of them. First, Hudson has not described a set of facts that could support an ADA claim against these defendants. The elements of an ADA claim are (1) the plaintiff has a disability within the meaning of the ADA; (2) he is qualified to perform the essential functions of the job with or without reasonable accommodation; and (3) he suffered an adverse employment action due to the disability. *Hill v. Walker*, 737 F.3d 1209, 1216 (8th Cir. 2013). Although Hudson is suing his former employer, among others, he does not allege that that the employer discriminated against him during the course of his employment based on his disability. Rather, Hudson appears to claim that his inadequate legal representation during the settlement of his workers compensation claim violated the ADA. Compl. 4, Docket No. 1. This allegation is insufficient to state a claim under the ADA.

Next, Hudson lists several federal statutes related to defrauding the federal government, but Hudson cannot bring claims on behalf of the federal government in

4

order to have the outcome of his workers compensation case overturned. 18 U.S.C. § 1347 is a federal health care fraud statute that imposes criminal penalties for scheming to defraud any health care benefit program. It does not provide for a private cause of action and "only the federal government may bring lawsuits for the recovery of loss caused by alleged Medicare fraud." *Jason v. Group Health Co-op*, 2012 WL 113500 *2 (W.D. Wash. 2012) (citing *Rzayeva v. U.S.*, 492 F.Supp.2d 60, 78 (D. Conn. 2007), *aff'd*, 530 Fed.Appx. 630 (9th Cir. 2013); *Graham v. Rawley*, 2015 WL 511196 *3 (D.N.J. 2015); *Malloy v. Watchtower Bible*, 2017 WL 6539056 *4 (E.D Mich. 2017); *Grant v. Alperovich*, 2014 WL 1338085 *6 (W.D. Wash. 2014), *aff'd*, 703 Fed.Appx. 556 (9th Cir. 2017). Likewise, 42 U.S.C. § 408 criminalizes fraud in obtaining Social Security checks but courts agree that it provides criminal penalties only and does not provide a basis for a private cause of action. *Cogdell v. Cogdell*, 2018 WL 705002 *3 (D. Conn. 2018) (listing cases); *Duncan v. Cone*, 2000 WL 1828089 *1 (6th Cir. 2000) (unpublished) (citing *Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973) for proposition that private citizens do not have an interest in the criminal prosecution of another); *Hennis v. Trustmark Bank*, 2010 WL 1904860 *4 (S.D. Miss. 2010) (listing cases). Hudson also cites 33 U.S.C. § 931 but Title 33 of the United States Code involves "Navigation and Navigable Waters", which have nothing to do with this case.

Hudson's final claim is that his civil rights have been violated under 42 U.S.C. § 1983, but the Court is unable to infer a plausible civil rights violation from the facts in the Complaint. 42 U.S.C. § 1983 "imposes liability for certain actions taken 'under color of' law that deprive a person 'of a right secured by the Constitution and laws of the United States.'" *Magee v. Trustees of the Hamline University*, 747 F.3d 532, 535

(8th Cir. 2014). The Court has reviewed the Complaint for the constitutional basis for Hudson's claim and finds none. There are no allegations showing that Defendants violated his rights under any specific provision of the Constitution. The only reference he makes to his civil rights is in his list of federal statutes in the jurisdiction section of his Complaint. Compl. 4, Docket No. 1. Hudson repeatedly uses the word "fraud" (Compl. 7, 11, 18, 20, 23, 24) to describe his claims of wrongdoing and indicates that he was advised to try to get the settlement vacated because of the "fraud scam." *Id.* at 24. But fraud is a state law claim, not a constitutional claim.[1]

Even if a constitutional claim had been plausibly alleged, Defendants Trillium, Corvel Corp., Gyolai, and Helling are private actors and it is well settled that "[o]nly state actors can be held liable under Section 1983." *Youngblood v. Hy-Vee Food Stores, Inc.*, 266 F.3d 851, 855 (8th Cir. 2001). "To be liable under § 1983, a private actor must be 'a willful participant in joint activity with the State' in denying a plaintiff's constitutional rights." *Id.* Hudson has not alleged sufficient facts for the Court to infer that any of the private defendants were working under color of law to deprive him of his civil rights.

Defendant Judge Behr is a state actor but it is well settled that judicial officers are immune from suit for actions taken while performing judicial functions under the doctrine

---

[1] The Court considered the possibility that Hudson alleges violations of his procedural due process rights during the state workers compensation process. However, Hudson's allegations are insufficient because he does not have a property right to a certain outcome in the workers compensation proceeding. "To establish a procedural due process claim pursuant to § 1983, plaintiffs must establish three elements: (1) that they have a life, liberty, or property interest protected by the Due Process Clause of the Fourteenth Amendment to the United States Constitution, (2) that they were deprived of this protected interest within the meaning of the Due Process Clause, and (3) that the state did not afford them adequate procedural rights prior to depriving them of their protected interest." *Hahn v. Star Bank*, 190 F.3d 708 (6th Cir. 1999) (cited with approval in *Vaughn v. Ruoff*, 304 F.3d 793, 796 (8th Cir. 2002)); *Stevenson v. Blytheville School Dist.*, 800 F.3d 955, 965-66 (8th Cir. 2015).

of judicial immunity.  *Pierson v. Ray*, 386 U.S. 547, 553-54 (1967); *Stump v. Sparkman*, 435 U.S. 349, 355-57 (1978); *Mireles v. Waco*, 502 U.S. 9, 11 (1991); *Liles v. Reagan*, 804 F.2d 493, 495 (8th Cir. 1986).  Christopher Raymond, the mediator during the settlement of the workers compensation claim (Compl. 17, Docket No. 1), is also a state actor.  In the context of a § 1983 complaint for alleged violations of a plaintiff's constitutional rights, however, "a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Iqbal*, 556 U.S. at 676.  The Court is unable to infer from the allegations against Raymond (Compl. 17, Docket No. 1) that he did anything to violate Hudson's constitutional rights.

### A.     Application of *Rooker-Feldman* and *Younger*

The Court notes that to the extent Hudson seeks federal court review of a final state court case that was decided against him, the Court lacks subject matter jurisdiction under the *Rooker-Feldman* doctrine.  Federal district courts lack jurisdiction over claims that are "essentially appeals from state-court judgments masked as a § 1983 action, brought by state-court losers, and filed after the state court rendered its judgments."  *Robins v. Ritchie*, 631 F.3d 919, 925 (8th Cir. 2011).  If Hudson lost his state court case, he may not now complain to this Court "of injuries caused by state-court judgments rendered before the [Federal] district court proceedings commenced and inviting district court review and rejection of those judgments."  *Exxon Mobil Corp. v. Saudi Basic Industries Corp.*, 544 U.S. 280, 284 (2005); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923); *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983).

7

Hudson claims that he agreed to settle a state workers compensation claim, subsequently sought to have the settlement vacated in the Minnesota courts, and was ultimately unsuccessful. [2] He now seeks to have this court "take over" his state case and, presumably, provide him with a different result. Compl. 35, Docket No. 1. If Hudson believes his state workers compensation case was wrongly decided, he must ultimately appeal to the United States Supreme Court, not seek to have this Court "take over" his case.

The Court notes that, even if the state case is not yet final, federal courts will typically abstain from intervening in a pending state administrative proceeding under the *Younger* doctrine. *Younger v. Harris*, 401 U.S. 37 (1971). In "*Younger v. Harris* . . . , the Supreme Court advanced the position that federal courts should refrain from interfering with pending state judicial proceedings absent extraordinary circumstances." *Harmon v. City of Kansas City*, 197 F.3d 321, 325 (8th Cir. 1999). See *Sprint Communications v. Jacobs*, 134 S.Ct. 584, 588, 593 (2013) (limiting *Younger* to certain proceedings). "Federal court abstention is warranted when one of a few 'exceptional' types of parallel pending state court proceedings exist: 'state criminal proceedings, civil enforcement proceedings, and civil proceedings involving certain orders that are uniquely in furtherance of the state court's ability to perform their judicial function.'" *Banks v. Slay*, 789 F.3d 919, 923 (2015) (citing Sprint and concluding abstention not warranted because nothing was pending in state court). In this case, the state proceeding relates to a matter "traditionally resolved by state law -- workers

---

[2] Hudson's case appears to be scheduled for a hearing before the Office of Administrative Hearings Workers' Compensation Division on April 23, 2018. Ex. at 7, Docket No. 4.

compensation." *Hamrick v. Farmers Alliance*, 129 Fed. Appx. 430, 432 (10th Cir. 2005) (unpublished); *Berry v. New Jersey State Prison*, 2008 WL 2967082 *2 (D.N.J. 2008) (finding that *Younger* abstention was appropriate where plaintiff's motion for medical benefits was pending before the state workers compensation court); *Hartford Enterprises v. Coty*, 529 F.Supp.2d 95, 99 (D. Maine 2008).

For all of the reasons discussed above, this Court recommends that Hudson's pending IFP application be denied, and that this action be dismissed without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). It is further recommended that Hudson's motion for counsel be denied as moot.

## RECOMMENDATION

Based upon the above, and upon all the records and proceedings herein,

IT IS HEREBY RECOMMENDED that:

1. Plaintiff Eddie Hudson's application for leave to proceed *in forma pauperis* [Docket No. 7] be DENIED;

2. Hudson's Request For Appointment of Lawyer [Docket No. 8] be DENIED as moot; and

3. This action be summarily DISMISSED pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

Dated:    March 14, 2018

*s/ David T. Schultz*
DAVID T. SCHULTZ
United States Magistrate Judge

**NOTICE**

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. LR 72.2(b)(2). All objections and responses must comply with the word or line limits set for in LR 72.2(c).